1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHANTHA NHIM,            )
                         )
      Petitioner,        )     No. C 04-4106 CRB (PR)
                         )
   vs.                   )     ORDER GRANTING
                         )     MOTION TO DISMISS
MATTHEW KRAMER, Warden,  )
                         )     (Doc # 7)
      Respondent(s).     )
                         )

Petitioner, a state prisoner incarcerated at the Sierra Conservation Center in Jamestown, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed on February 28, 2005, the court noted that the petition appears untimely and ordered respondent to move to dismiss the petition on the ground that it is untimely, or otherwise inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case. Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). Petitioner filed an opposition arguing that he is entitled to equitable tolling of the pertinent limitation period, and respondent filed a reply.

## BACKGROUND

On February 14, 1991, petitioner was sentenced to 15 years to life in state prison after pleading guilty to second degree murder in the Superior Court of the State of California in and for the County of Santa Clara. He did not appeal.

On July 21, 2003, petitioner began seeking collateral relief from the state courts by filing a petition for a writ of habeas corpus in the California Court of Appeal. It was denied on September 16, 2003.

On October 2, 2003, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California. It was denied on June 23, 2004.

On September 29, 2004, petitioner filed the instant federal petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

AEDPA's one-year limitation period did not start to run earlier than April

24, 1996. A state prisoner with a conviction finalized before April 24, 1996, such as petitioner, therefore generally had until April 23, 1997 to file a federal habeas petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The instant petition was not filed until September 29, 2004, however. It is untimely unless the limitation period was tolled for a substantial period of time.

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Unfortunately for petitioner, by the time he filed his first state habeas petition on July 21, 2003, the one-year limitation period had long expired on April 24, 1997. A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner claims he is entitled to equitable tolling of the limitation period because: (1) he lacks English language skills and education; (2) lockdowns were imposed during the relevant time period; and (3) he is actually innocent.

The one-year limitation period may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted).

The prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Equitable tolling is justified in few cases. "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda, 292 F.3d at 1066 (citation and internal quotation marks omitted).[1] The prisoner "bears the burden of showing that this extraordinary exclusion should apply to him." Id. at 1065.

      Petitioner's claim for equitable tolling based on his assertion that he lacks English skills and education is without merit. It is well-established that neither illiteracy nor pro se status are extraordinary circumstances or external factors that may excuse the many and oftentimes complex procedural requirements a prisoner encounters when seeking federal habeas corpus relief. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling). Petitioner's alleged lack of English skills and education do not compel a different result here. Accord Hansana v.

---

[1] See, e.g., Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (finding equitable tolling warranted where prison litigation coordinator promises prisoner's lawyer to obtain prisoner's signature in time for filing petition, but then breaks his promise, causing petition to be late); Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (finding equitable tolling warranted where district court erroneously refused to accept petition for filing because of technical deficiency in cover sheet and lost body of petition by the time petitioner sent in corrected cover sheet); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (finding equitable tolling warranted where prison authorities failed to follow prisoner's request to draw filing fee for habeas petition from his trust account and mail it with petition to district court for filing).

1  Garcia, No. C 03-1137 SI (PR), 2004 U.S. Dist. LEXIS 24471, at *4 (N.D. Cal.
2  Dec. 2, 2004) (lack of legal training and limited English language skills not
3  extraordinary circumstances justifying equitable tolling); Ramos v. Carey, No. C
4  03-1323 SI (PR), 2003 U.S. Dist. LEXIS 13304, at *11 (N.D. Cal. July 31, 2003)
5  (rejecting prisoner's claim for equitable tolling because his "knowledge of the
6  English language is severely limited").  After all, petitioner has communicated
7  effectively with the court and respondent throughout these proceedings.  He has
8  not shown that his alleged lack of English skills and education "were the cause of
9  his untimeliness."  Spitsyn, 345 F.3d at 799.

10       Petitioner's claim for equitable tolling based on his assertion that while a
11  prisoner at Pelican Bay State Prison "lockdowns, and no movement periods lasted
12  years at a time" is without merit.  Petitioner sets forth no allegations whatsoever
13  specifying the dates he was actually on lockdown, or explaining how being on
14  lockdown during those dates made it impossible for him to file a petition on time.
15  His conclusory allegations of lockdowns do not warrant equitable tolling.  Cf.
16  Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("[t]ransfers between
17  prison facilities, solitary confinement, lockdowns, restricted access to the law
18  library and an inability to secure court documents [generally] do not qualify as
19  extraordinary circumstances").  Petitioner has not shown that any alleged
20  lockdowns "were the cause of his untimeliness."  Spitsyn, 345 F.3d at 799.

21       Petitioner's claim for equitable tolling based on his assertion of actual
22  innocence is without merit as well.  The Ninth Circuit has held that the actual
23  innocence gateway established in Schlup v. Delo, 513 U.S. 298 (1995), may be
24  available to a petitioner whose federal habeas petition is otherwise barred by
25  AEDPA's limitation period.  See Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir.
26  2002) (implying that unavailability of actual innocence gateway would raise

serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA). Under Schlup,

> [I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

513 U.S. at 316. The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. Id. at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." Id. at 329. As the Ninth Circuit has put it, "the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [p]etitioner guilty." Van Buskirk v. Baldwin, 265 F.3d 1080, 1084 (9th Cir. 2001).

"To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. This does not mean a petitioner need always affirmatively show physical evidence that he did not commit the crime with which he is charged. Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002). A petitioner may pass through the Schlup gateway by promulgating evidence "that significantly undermines or impeaches the credibility of witnesses presented at trial, if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Id. (quoting Schlup, 513 US at 327).

| | |
|---|---|
| 1 | The "new" evidence need not be newly available, just newly presented – that is, |
| 2 | evidence that was not presented at trial. Griffin v. Johnson, 350 F.3d 956, 961-63 |
| 3 | (9th Cir. 2003). |
| 4 | Here, petitioner, who pleaded guilty to second degree murder, offers only |
| 5 | the assertion that he was not the "actual shooter." This will not do. Besides the |
| 6 | fact that petitioner may be lawfully convicted of second degree murder for aiding |
| 7 | and abetting, as opposed to being the "actual shooter," see Cal. Penal Code § 31, he |
| 8 | presents no "new reliable evidence" in support of his claim of actual innocence to |
| 9 | warrant relief under the gateway rationale of Schlup. |

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (doc # 7) is GRANTED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  December 15, 2005

CHARLES R. BREYER
United States District Judge